\IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Debra B., ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 3:20-cv-50452 |
| v. ) | |
| ) | Magistrate Judge Lisa A. Jensen |
| Kilolo Kijakazi, ) | |
| Acting Commissioner of Social Security,[1] ) | |
| ) | |
| *Defendant*. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Debra B. brings this action under 42 U.S.C. § 405(g) seeking reversal or a remand of the decision denying her social security benefits.[2] For the reasons set forth below, the Commissioner's decision is affirmed.

**I. Background**

In 2010, Plaintiff had an accident while working in which she fell off a refrigerated semi-truck, landing directly on her tailbone and shattering three sacral vertebrae. R. 465, 708. Her physicians attempted unsuccessfully to use more conservative measures to address her low back pain for several years. R. 533. In April 2017, she underwent back surgery with Dr. Braaksma. R. 356. Plaintiff testified that she received short-term disability after her back surgery, but she was eventually fired due to her inability to go back to work. R. 51-52.

In October 2017, Plaintiff filed an application for disability benefits alleging disability beginning on April 18, 2017, related to degenerative disc disease, blood clots, asthma, and

---

[1] Kilolo Kijakazi has been substituted for Andrew Marshall Saul. Fed. R. Civ. P. 25(d).
[2] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c).

1

epilepsy. Pl.'s Br. at 1, Dkt. 12. She was 41 years old at the time she filed her application. R. 84. Her claim was denied initially and upon reconsideration. R. 93, 109. Thereafter, she filed a written request for a hearing. R. 129. The hearing was held on October 24, 2019. R. 33.

Following the hearing, an administrative law judge ("ALJ") issued a decision on December 19, 2019, finding that Plaintiff was not disabled. R. 14-25. The ALJ found that Plaintiff had the following severe impairments: degenerative disc disease status post spinal fusion surgery; peripheral neuropathy; deep vein thrombosis; and obesity. R. 16. The ALJ determined that Plaintiff's impairments did not meet or medically equal a listed impairment. R. 18. The ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) except she can occasionally climb ramps and stairs; can never climb ladders, ropes, and scaffolds; and can occasionally stoop, kneel, crouch, and crawl. R. 19. The ALJ determined that Plaintiff could not perform her past relevant work, but there were other jobs that existed in significant numbers in the national economy that she could perform, including laundry sorter, storage facility rental clerk, and cafeteria attendant. R. 24-25. Plaintiff appealed the ALJ's decision to this Court in November 2020.

## II. Standard of Review

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions." *Butler v. Kijakazi*, 4 F.4th 498, 501 (7th Cir. 2021)

(citations omitted). The reviewing court may not "reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

### III. Discussion

Plaintiff argues that the ALJ: (1) "played doctor" by relying on his own opinions with respect to the RFC; (2) failed to build a logical bridge to connect the evidence to his RFC assessment; (3) relied on vocational expert testimony that was not supported by substantial evidence; and (4) erred by failing to adopt Nurse Jordan's opinion.

### A. RFC

A claimant's RFC is the maximum work that she can perform despite any limitations. *See* 20 C.F.R. § 404.1545(a)(1); Social Security Ruling 96-8p, 1996 WL 374184, at *2. An ALJ must base a claimant's RFC on all relevant evidence in the record, including the claimant's medical history and findings, the effects of treatment, reports of daily activities, medical opinions, and effects of symptoms. 20 C.F.R. § 404.1545(a)(3); Social Security Ruling 96-8p, 1996 WL 374184, at *5. "Although the responsibility for the RFC assessment belongs to the ALJ, not a physician, an ALJ cannot construct his own RFC finding without a proper medical ground and must explain how he has reached his conclusions." *Amey v. Astrue*, No. 09 C 2712, 2012 WL 366522, at *13 (N.D. Ill. Feb. 2, 2012).

#### i. Playing doctor

With respect to Plaintiff's RFC, the ALJ wrote:

The undersigned finds the opinions of . . . the State agency medical consultants[] to be only somewhat persuasive. The doctors both opined that the claimant could perform light exertion, but that she could never climb ladders, ropes, and scaffolds, [and] could frequently stoop, crouch, and crawl. . . This is only somewhat consistent

3

with the record as a whole. The reduction to light exertion generally and the need to avoid all climbing of ladders, ropes, and scaffolds is certainly consistent with the degree of degenerative disease confirmed by imaging studies and with the need to limit exacerbations of the claimant's back pain, as well as the claimant's body habitus and peripheral neuropathy, which might impede her ability to lift and carry weights associated with a heavier level of exertion. The reduction to light exertion is therefore adopted into the [RFC]. However, the undersigned further finds, based upon the discomfort with changing positions observed by Ms. Jordan, that the claimant can only occasionally stoop, kneel, crouch, and crawl, and can only occasionally climb ramps and stairs.

R. 22-23 (internal citations omitted).

Plaintiff argues that the ALJ discounted the opinions of the state agency physicians and Nurse Jordan and failed to call a medical expert at the hearing, leaving the ALJ to "play doctor" by relying on his own opinions with respect to the RFC. Pl.'s Br. at 8-9, Dkt. 12. Although Plaintiff acknowledges that all determinations of credibility are up to the ALJ, she argues that the ALJ lacked a testifying physician to determine the severity of her symptoms. *Id*. In support of her argument, Plaintiff points to *Moon v. Colvin*, 763 F.3d 718 (7th Cir. 2014), *as amended on denial of reh'g* (Oct. 24, 2014). Pl.'s Br. at 8-9, Dkt. 12. Plaintiff highlights that the ALJ in *Moon* had relied on an "unremarkable MRI" to support his conclusion and, in response, the Seventh Circuit noted that "[t]his mistaken reading of the evidence illustrates why ALJs are required to rely on expert opinions instead of determining the significance of particular medical findings themselves." 763 F.3d at 722; *see* Pl.'s Br. at 8-9, Dkt. 12.

The Commissioner responds that, contrary to Plaintiff's characterization, the final responsibility for deciding a claimant's RFC is reserved to the ALJ and there is no requirement for the ALJ to call a medical expert simply because he did not wholly adopt a particular medical opinion. Def.'s Br. at 7-8, Dkt. 17. The Commissioner also points out that *Moon* is distinguishable from this case because, here, the ALJ did not attempt to provide his own interpretation of or minimize the seriousness of Plaintiff's diagnostic evidence. *Id*.

As an initial matter, the Court notes that the ALJ relied on medical evidence in formulating the RFC. The ALJ explicitly stated that he found the state agency physicians' opinions to be somewhat persuasive, and adopted their opinion that Plaintiff was capable of light work and their restriction regarding climbing ladders, ropes, and scaffolds. He then concluded that it was necessary to make two of the limitations *more restrictive* based on Nurse Jordan's observations of Plaintiff's discomfort when changing positions. "There is no requirement that an ALJ adopt in whole any one opinion from a medical provider in assessing an RFC. . . [T]he ALJ does not err in concluding that the truth lies somewhere within the range of opinions offered, as long as he reasonably explains how he arrived at his conclusion." *Cooper v. Kijakazi*, No. 20-C-1500, 2022 WL 972405, at *9 (E.D. Wis. Mar. 31, 2022) (citing *Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007)). As a result, Plaintiff's assertion that the ALJ did not rely on any medical opinion is wrong and it was permissible for the ALJ to craft the RFC using parts of each medical opinion.

Next, the Court concludes that the ALJ did not "play doctor." Playing doctor necessarily entails that an ALJ interprets new and potentially decisive medical evidence without medical scrutiny, but Plaintiff does not point to any examples of the ALJ engaging in such an analysis. *See McHenry v. Berryhill*, 911 F.3d 866, 871 (7th Cir. 2018); *Meuser v. Colvin*, 838 F.3d 905, 911 (7th Cir. 2016); *Moon v. Colvin*, 763 F.3d at 722. By making such an undeveloped and unsupported argument, Plaintiff has effectively waived this argument. *See McMurtry v. Berryhill*, No. 16 C 8462, 2018 WL 2320929, at *3 (N.D. Ill. May 22, 2018) (explaining that perfunctory and undeveloped arguments in a Social Security appeal may properly be rejected); *Moss v. Astrue*, No. 09-1196, 2010 WL 2572040, at *6 (C.D. Ill. June 22, 2010) ("Moss provides no specific examples . . . to support his argument. Consequently, these additional arguments are waived as perfunctory."). Nonetheless, this Court has reviewed the ALJ's decision and does not find any

instances of the ALJ playing doctor. As a result, the Court concludes that remand is not warranted on this basis.

Nor was the ALJ required to call a medical expert here. The Commissioner is correct that retaining a medical expert at the administrative hearing is largely within the ALJ's discretion. *See Theresa M. v. Saul*, No. 19 C 3135, 2020 WL 7641286, at *3 (N.D. Ill. Dec. 23, 2020) ("An ALJ's decision to call a medical expert to testify is discretionary, *see* 20 C.F.R. § 404.1513a(b)(2)."); *Jesus P. v. Saul*, No. 19 C 2271, 2020 WL 3268515, at *10 (N.D. Ill. Jun. 17, 2020) ("An ALJ may obtain a medical expert's opinion for several reasons including . . . 'to clarify and explain the evidence or help resolve a conflict because the medical evidence is contradictory, inconsistent, or confusing' and to determine the claimant's residual functioning capacity.") (citing *Gebauer v. Saul*, 801 F.App'x 404, 408 (7th Cir. 2020)). Unlike the ALJ in *Moon*, the ALJ in this case did not mistakenly interpret, rely on, or discount any of Plaintiff's diagnostic evidence. Further, Plaintiff does not argue that a medical expert was required because the evidence was necessary to clarify or help resolve a conflict about the medical evidence. Therefore, the ALJ did not err in choosing not to call a medical expert at the hearing.

### ii. Logical bridge

As set out above, the ALJ found that Plaintiff had the RFC to perform light work[3] except she could occasionally climb ramps and stairs; could never climb ladders, ropes, and scaffolds; and could occasionally stoop, kneel, crouch, and crawl. Plaintiff argues that the ALJ failed to sufficiently articulate his assessment of the evidence so as to be able to trace the path of his reasoning. Pl.'s Br. at 9, Dkt. 12. The Commissioner argues that the ALJ's assessment of the RFC

---

[3] Light work is defined as lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Light work requires a "good deal" of walking or standing, defined by the regulations as six hours in an eight-hour workday. 20 C.F.R. § 404.1567(b).

is supported by substantial evidence, including objective evidence and opinion evidence. Def.'s Br. at 2-5, Dkt. 17.

The ALJ listed numerous pieces of evidence from the record that informed his assessed RFC, including that Plaintiff's treaters regularly failed to note any weakness, evident fatigue, difficulty standing, or need for an assistive device to walk or stand; Nurse Jordan never noted sensory deficits during her examinations, nor did she observe any problems with balance or instability; Dr. Braaksma recorded full strength and range of motion in all extremities as of August 2017; and Dr. Ramchandani observed that Plaintiff was able to climb on and off the examination table without assistance. R. 22. The ALJ also took the state agency physicians' opinions into consideration. He noted that their opinions were only "somewhat persuasive" because they were "only somewhat consistent with the record as a whole." *Id*. He proceeded to discuss how portions of their opinions were consistent with specific pieces of evidence from the record and adopted those portions into the RFC. *See id*. In addition, the ALJ made the RFC more restrictive, in Plaintiff's favor, after taking into consideration Nurse Jordan's observations about Plaintiff's discomfort with changing positions.[4] *See* R. 22-23.

---

[4] As set out above, based on Nurse Jordan's observations of Plaintiff, the ALJ determined that certain limitations in Plaintiff's RFC should be more restrictive than what the state agency physicians had opined. Subsequently, the ALJ found Nurse Jordan's opinion – that Plaintiff could not sit, stand or walk sufficient to perform even sedentary work – to be unpersuasive. *Id*. at 23. Plaintiff states that the ALJ reached "conflicting conclusions" when he relied on Nurse Jordan's observations to discount part of the state agency physicians' opinions while also finding her overall opinion to be unpersuasive. Pl.'s Br. at 7, Dkt. 12. Although this argument was not fully developed and, therefore, could be deemed waived, the Court will quickly dispense with the argument. *See McMurtry*, 2018 WL 2320929, at *3; *Moss*, 2010 WL 2572040, at *6.

The ALJ's simultaneous rejection of Nurse Jordan's opinion and reliance on her treatment notes are not contradictory. The ALJ explained that he rejected Nurse Jordan's August 2019 written statement because, among other things, it conflicted with Nurse Jordan's own prior examination findings. R. 23. In other words, he rejected Nurse Jordan's August 2019 opinion, not her treatment notes and observations. This is an important distinction given that the ALJ discounted certain limitations assessed by the state agency physicians based on Nurse Jordan's *observations* during appointments, not her *written statement*. Moreover, it was permissible for the ALJ to make such an assessment. *See Falls v. Colvin*, No. 8:14-CV-00195-RBH, 2015 WL 5797751, at *6 (D.S.C. Sept. 29, 2015) (stating that, although the ALJ discounted

7

The ALJ has provided a detailed and thorough explanation of why the record evidence supports a finding of light work with the added restrictions. As such, the Court concludes that the ALJ sufficiently articulated his logic so as to be able to allow the Court to follow the path of his reasoning and the RFC is supported by substantial evidence. *See Jozefyk v. Berryhill*, 923 F.3d 492, 497-98 (7th Cir. 2019) (concluding that the ALJ built the requisite logical bridge when she tied the record evidence to the limitations included in the RFC); *Giles v. Astrue*, 483 F.3d 483, 486 (7th Cir. 2007) ("An ALJ's findings are supported by substantial evidence if the ALJ identifies supporting evidence in the record and builds a logical bridge from that evidence to the conclusion.").

### B. Vocational expert

Plaintiff argues that the ALJ's determination at Step 5 was not supported by substantial evidence because the methodology the VE used to reach the job numbers was flawed, yet the ALJ based his determination on that testimony. Pl.'s Br. at 11, Dkt. 12. The Commissioner responds that Plaintiff waived any objections to the VE's testimony because she failed to raise them at the hearing, after the hearing, or even with the Appeals Council and, even if not waived, the ALJ was entitled to rely on the testimony because it was consistent with the Dictionary of Occupational Titles. Def.'s Br. at 9-10, Dkt. 17.

Notably, Plaintiff does not further discuss this topic or respond to the Commissioner's arguments in her reply brief. Courts in this circuit construe such an omission as an abandonment of the argument. *See Whitcher v. Saul*, 20-CV-445-JDP, 2021 WL 805570, at *4 (W.D. Wis. Mar.

---

the doctor's opinion, it would not have been improper for the ALJ to rely on the doctor's observations of the plaintiff); *Roybal v. Colvin*, No. 14-CV-01099-KMT, 2015 WL 5579434, at *4 (D. Colo. Sept. 23, 2015) (referring to the ALJ's decision to credit the doctor's observations but not her examination as a "reasonable distinction"). As such, there was nothing improper about the ALJ's reliance on Nurse Jordan's observation for part of the RFC and his simultaneous rejection of her August 2019 opinion, so remand is not warranted on this basis.

8

3, 2021) ("Whitcher drops this issue in his reply brief, which the court will construe as an acknowledgment that he can't meet his burden."); *Corey Z. v. Saul*, 18 CV 50219, 2019 WL 6327427, at *8 (N.D. Ill. Nov. 26, 2019) ("Plaintiff ignores this argument in his reply brief. . . A failure to respond to an argument raised by the opposing party on appeal results in waiver."); *Ballard v. Berryhill*, 17 CV 50106, 2018 WL 4073290, at *3 (N.D. Ill. Aug. 27, 2018) ("In his reply brief, plaintiff simply ignores this argument, neither contesting the Government's assertion . . . nor providing any explanation . . . Accordingly, this argument is waived."); *Fitzgerald v. Colvin*, No. 13-CV-405-BBC, 2014 WL 1054745, at *1 (W.D. Wis. Mar. 19, 2014) ("Plaintiff omits this issue from his reply brief, so I will assume that he has abandoned it."). As such, Plaintiff's failure to respond constitutes abandonment of the argument.

However, even if Plaintiff had not abandoned her argument in the reply brief, Defendant is correct that Plaintiff waived any objection to the VE's testimony because she had the opportunity to object to the VE's testimony at the hearing, following the hearing, or with the Appeals Council, but did not do so. By failing to object, Plaintiff forfeited any objections. *See Coyier v. Saul*, No. 20-1899, 2021 WL 2173425, at *2 (7th Cir. May 27, 2021) ("[Plaintiff] waived any challenge to the VE's testimony by failing to ask any questions to reveal shortcomings in the job-number estimates . . . [This] effectively conceded the reliability of the VE's job numbers."); *Teschner v. Colvin*, No. 15 CV 6634, 2016 WL 7104280, at *13 (N.D. Ill. Dec. 6, 2016) (finding that, when a claimant is represented by counsel at an administrative hearing, "[a] claimant waives any subsequent objection to a VE's unexplained testimony on the source of job numbers when her counsel fails to question the VE on that issue at the hearing."). For these reasons, it was appropriate for the ALJ to rely on the VE's testimony and remand is not warranted on this basis.

**C. Nurse Jordan's opinion**

On August 20, 2019, Nurse Jordan filled out a written form titled "Lumbar Spine Medical Source Statement." R. 791-94. In it, she diagnosed Plaintiff with failed back surgical syndrome and chronic back pain. With respect to Plaintiff's functional limitations, Nurse Jordan indicated that Plaintiff could: walk one city block without rest or severe pain; sit for 15-20 minutes at one time before needing to get up; stand for 5 minutes at a time before needing to sit down or walk around; sit and stand/walk for less than 2 hours in an 8-hour working day; frequently lift and carry less than 10 pounds; never twist, stoop/bend, crouch/squat, or climb ladders; and rarely climb stairs. *Id*.

The ALJ found this opinion from Nurse Jordan to be unpersuasive. R. 23. He reasoned that the opinion was inconsistent with the record as a whole, including Nurse Jordan's own examination findings, Dr. Braaksma's examination findings, and Dr. Ramchandani's observations. *Id*. Plaintiff argues that Nurse Jordan's opinion was well-supported by the record and should have been adopted. Pl.'s Reply at 3, Dkt. 20. It is important to note that many of the arguments Plaintiff raises with respect to the ALJ's treatment of Nurse Jordan's opinion were raised for the first time in Plaintiff's reply brief. Arguments so raised are deemed waived. *See White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021); *Brown v. Colvin*, 661 Fed. App'x. 894, 895 (7th Cir. 2016) (unpublished); *Aristotellis Z. v. Kijakazi*, No. 20 CV 5092, 2022 WL 267906, at *3 (N.D. Ill. Jan. 28, 2022). Nevertheless, even if not waived, Plaintiff's arguments do not provide a basis for remand.

Most of Plaintiff's concerns relate to the ALJ's conclusion that Nurse Jordan's 2019 opinion was inconsistent with the record. She disputes the ALJ's statement that Nurse Jordan's opinion was inconsistent with her own records and other medical professionals' notes and examinations. Pl.'s Reply at 3-4, Dkt. 20. However, the Seventh Circuit has made clear that that the role of a reviewing court is to review the ALJ's weighing of medical opinions for substantial

evidence, which are only to be overturned if no reasonable mind could accept the ALJ's conclusion. *See Grotts v. Kijakazi*, 27 F.4th 1273, 1278 (7th Cir. 2022); *Anders v. Saul*, 20-3429, 2021 WL 2396236, at *3 (7th Cir. June 11, 2021) ("[I]t is not our place to reweigh the evidence or substitute our judgment for that of the ALJ's.").

Here, the ALJ gave adequate reasons for finding Nurse Jordan's opinion unpersuasive. Ms. Jordan opined that Plaintiff was unable to sit, stand, and walk sufficient to perform even sedentary work. The ALJ noted however, that although Nurse Jordan observed pain during her examinations consistent with multiple postural restrictions (which the ALJ adopted), Nurse Jordan regularly recorded normal or else unremarkable strength. R. 23. Further, while Nurse Jordan recorded Plaintiff's subjective complaints of difficulty walking, Nurse Jordan did not note that she actually observed Plaintiff having difficulty walking or standing.[5] *Id*. The ALJ also noted that Nurse Jordan's opinion was inconsistent with the findings of Dr. Braaksma, who noted painless, full range of motion and full strength in all extremities. *See* R. 21. Finally, the ALJ noted that Nurse Jordan's opinion was inconsistent with Dr. Ramchandani's observation that Plaintiff was able to climb on and off the exam table without assistance. R. 22.

Plaintiff points to several pieces of evidence in the record to support her argument, but the Seventh Circuit has held that the presence of contradictory evidence and arguments does not mean the ALJ's determination is not supported by substantial evidence. *See Gedatus*, 994 F.3d at 903.

---

[5] In her reply, Plaintiff takes issue with the ALJ's statement that although Nurse Jordan recorded Plaintiff's complaints of falls and difficulty walking, she never directly observed that difficulty. Plaintiff contends that this is a "clear overreach in the ALJ's reading of the medical evidence" because there are no "reports one way or the other . . . to indicate [Nurse] Jordan observed the claimant walking." Pl.'s Reply at 3, Dkt. 20. However, the Court finds that the ALJ's statement is well-supported. Out of the dozens of appointments Plaintiff had with Nurse Jordan, Nurse Jordan wrote that Plaintiff "appear[ed] uncomfortable walking" on just one occasion and, importantly, noted that Plaintiff was not otherwise examined. R. 650. Most of her treatment notes included no relevant examination at all. R. 505-12, 558-60, 565-67, 568-70, 571-73, 574-76, 582-84, 586-88, 642-44, 646-67, 673. Of the handful of relevant physical examinations Nurse Jordan did conduct, she never noted issues with walking. R. 564, 579, 657, 661, 961.

Rather, the Court will only overturn the ALJ's conclusion if "no reasonable mind could accept [it]." *Grotts*, 27 F.4th at 1278. Because the ALJ provided sufficient reasons for finding Nurse Jordan's opinion unpersuasive, the Court concludes that the ALJ's assessment is supported by substantial evidence.

Plaintiff also argues that the state agency physicians, whose opinions the ALJ found somewhat persuasive, did not have access to "critical information" at the time of their evaluation, including her failure of physical therapy, required back stimulator, and becoming a candidate for a spinal cord stimulator. Pl.'s Reply at 4, Dkt. 20. She asserts that Nurse Jordan, on the other hand, did have access to this information.

It is true that the Seventh Circuit has stated that "[a]n ALJ should not rely on an outdated assessment if later evidence containing new, significant medical diagnoses reasonably could have changed the reviewing physician's opinion." *Moreno v. Berryhill*, 882 F.3d 722, 728 (7th Cir. 2018), *as amended on reh'g* (Apr. 13, 2018). However, "if an ALJ were required to update the record any time a claimant continued to receive treatment, a case might never end." *Keys v. Berryhill*, 679 Fed. App'x. 477, 481 (7th Cir. 2017) (unpublished) (citing *Scheck v. Barnhart*, 357 F.3d 697, 702 (7th Cir. 2004)). As such, the Seventh Circuit has stated that the claimant must provide evidence and explain how the evidence undermines the agency doctor's opinion. *Keys*, 679 Fed. App'x. at 481. If the claimant fails to do so, it is not error for the ALJ to rely on the opinion. *Id.*

Contrary to Plaintiff's argument, two of the three pieces of evidence Plaintiff cites to undermine the state agency physicians' opinions were available to them at the time they rendered their opinions in March and August 2018. *See* R. 465, 506 (July 2017 and December 2017 notes about Plaintiff wearing a back stimulator on a daily basis); R. 644 (January 2018 note that

Plaintiff's physical therapy was discontinued). Therefore, these two pieces of evidence do not provide a basis for finding that the state agency physicians' opinions are outdated.

With respect to the last piece of evidence, that Plaintiff became a candidate for a spinal cord stimulate, *see* R. 682, Plaintiff failed to provide any discussion as to how this evidence undermines the state agency physicians' opinions. As a result, the Court concludes that the ALJ was justified in relying on the opinions. *See Tina I. v. Kijakazi*, No. 3:20-CV-50327, 2022 WL 80245, at *10 (N.D. Ill. Jan. 7, 2022).

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment is denied, the Commissioner's motion is granted, and the ALJ's decision is affirmed.

Date: May 16, 2022　　　　　　　　　　By:　*Lisa A. J*
　　　　　　　　　　　　　　　　　　　　　　Lisa A. Jensen
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

13